```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

                                          MEMORANDUM AND ORDER
     -against-                            12-CR-214 (KAM)


ELVIN HILL

                    Defendant.
------------------------------------X
```

**MATSUMOTO, United States District Judge:**

Defendant has moved this court to reconsider its decision dated January 14, 2014, (i) to deny the admission of Franklyn Abreu's July 1, 1997 statement to a Kings County assistant district attorney under Federal Rule of Evidence 807, the residual exception to the hearsay clause; and (ii) to deny the admission of Abreu's July 1, 1997 statement for the non-hearsay purpose of impeaching the credibility of the government's investigation.  For the reasons set forth below, the court denies defendant's motion for reconsideration of its January 14, 2014 decision to preclude the admission of Abreu's statement under Federal Rule of Evidence 807.  The court grants reconsideration and modifies its decision, subject to the conditions set forth below, to allow the admission of Abreu's statement for the non-hearsay purpose of showing that police were aware that Abreu had made the statement and to impeach the reliability of the government's investigation.  In the event

that defendant chooses to admit Abreu's statement for the proffered non-hearsay purpose, however, the government will also be allowed to admit other contemporaneous eyewitness statements, not to show the truth of the matter asserted in those statements, but as background material to establish that police were aware of other statements that contradicted the statement provided by Abreu in significant ways and explain why police allegedly discounted Abreu's statement that indicated that Rhan Powell was the shooter.

## DISCUSSION

As a preliminary matter, the court reaffirms its decision not to admit Abreu's statement of July 1, 1997, under Rule 807, the residual exception to hearsay, for the reasons set forth in its January 14, 2014 Memorandum & Order, and in this decision. (ECF No. 120, Order re: Outstanding Motions as to Elvin Hill, 1/14/14.)

The court is aware that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Buie v. Phillips*, 298 F. App'x 63, 65 (2d Cir. 2008) (summary order) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)). Still, "[n]o clearly established federal rule guarantee[s] petitioner an unfettered right to introduction

of hearsay testimony bearing no assurance of reliability." *Id.* at 66.

Defendant argues that Abreu's statement is now reliable and should be admitted under Rule 807 because both Givens and Dutan testified at trial that a man with a gun exited from the rear driver's side door of the livery cab. (Tr. at 681, 784.) Defendant also argues that "Abreu was closer to the cab than any other bystander witness" and that "investigators had ample opportunity to question Abreu about any discrepancies." (ECF No. 123, Motion for Reconsideration, 1/18/14, at 2-3.)

Defendant's arguments fail to demonstrate that Abreu's statement is reliable enough to merit admission for its truth under Rule 807. The testimony at trial has not established precisely where Abreu was at the time of the shooting in relation to the cab, and the trial testimony defendant relies upon comes from witnesses who had trouble remembering the incident and who gave statements inconsistent in important ways with statements they had provided shortly after the shooting. In addition, the testimony at trial has shown that Abreu was not standing still, but was instead riding his bicycle back and forth at the time of the shooting, which does not make his statement more reliable regarding what he viewed inside the cab. (Tr. at 727.)

3

As previously noted in the court's January 14, 2014 decision, the circumstances under which Abreu made his statement also fail to show it is reliable. Abreu was a 10 year-old boy, (Tr. at 777), who provided a brief, unsworn statement to an assistant district attorney at 11:00 p.m., more than 48 hours after the shooting. It is unclear how long Abreu's interview lasted, who was present at Abreu's interview, or what questions Abreu was asked during his interview. The court cannot agree with defendant's assertion that the police could have interviewed Abreu in extensive detail simply because he and his mother were at the precinct for several hours viewing photo books. There is no evidence of the length and circumstances of Abreu's 11:00 p.m. interview. What little is known about the circumstances of Abreu's interview, however, does not establish that it was particularly reliable to merit admission under Rule 807.[1]

Accordingly, the court finds that there is no corroborating evidence or other indicia of reliability that merit admitting Abreu's statement for its truth under Rule 807

---

[1] Defendant's motion to admit Abreu's statement under Rule 803(6) also fails because Abreu's statement is hearsay within hearsay. Even if the Kings County District Attorney's Office memorandum qualified as a record of a regularly conducted activity, that would only address one level of hearsay, not the second level of hearsay that is Abreu's statement. Finally, Rule 102 does not merit the admission of Abreu's statement given the concerns the court has about its reliability because of (1) the fact that the statement is contradicted by other contemporaneous eyewitness accounts, and (2) the circumstances under which the statement was made.

for the reasons stated in its Memorandum & Order of January 14, 2014, and in this decision.

In his motion for reconsideration, defendant also moves to admit Abreu's statement for the "more limited purpose of demonstrating the bias and unreliability of the government's investigation." (ECF No. 125, Motion for Reconsideration, 1/19/14, at 1-2.) Specifically, defendant argues that Abreu's statement should be offered not for the truth of the matter asserted, but to "impeach the reliability of the government's investigation in this case." (*Id.* at 1.) The government responds that it is "unclear how the Abreu Statement is relevant to any investigative steps that were, or were not, taken" because the evidence shows investigators gathered additional evidence on Mr. Powell and Mr. Hill after the robbery, and Mr. Powell did not admit to sitting behind the driver until 2011. (ECF No. 126, Response in Opposition, 1/20/14, at 3.) The government has previously stated, however, that it did not object to the admission of the Abreu statement for the limited "purpose of letting the attorneys make arguments regarding what steps were or were not taken" so "long as the other contemporaneous statements by the . . . four other eyewitnesses who made statements within days of each other are also presented." (Tr. at 406.)

"Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Roy*, 444 F. App'x 480, 481-82 (2d Cir. 2011) (summary order) (quotation omitted) (citing Fed. R. Evid. 801(c)). In addition, "[a]lthough the admission of a statement that is hearsay may violate a defendant's Confrontation Clause rights . . . . the Confrontation Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted,'" *Id.* at 482 (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004)). Thus, to the extent the government seeks to offer the contemporaneous statements of the other eyewitnesses, all of whom have testified and been cross-examined, defendant's Confrontation Clause rights are not implicated and, in any event, the other eyewitness statements are not offered or admitted for their truth.

In this case, Abreu's statement can be presented for the non-hearsay purpose of showing that the statement was made and that government investigators allegedly did not adequately investigate Abreu's statement, even after Mr. Powell eventually told investigators in 2011 that he was sitting behind the driver. If Abreu's statement is offered for this purpose, however, that is, to attempt to impeach the reliability of the government's investigation, then the government may also

6

introduce other contemporaneous statements made by eyewitnesses, not for their truth, but "as background evidence to 'furnish an explanation of the understanding or intent with which certain acts were performed.'"  *Id.* (quoting *United States v. Reifler*, 446 F.3d 65, 92 (2d Cir. 2006)); *see also United States v. Reyes*, 18 F.3d 65, 70 (2d Cir. 1994) ("in some instances, information possessed by investigating agents is received at trial not for the truth of the matter, but as 'background' to explain the investigation, or to show an agent's state of mind so that the jury will understand the reasons for the agent's subsequent actions").

Without admission of these other contemporaneous eyewitness accounts, which contradict Abreu's statement in significant ways, the jury will not be able to evaluate the reasons for what the police did or did not do in the context of Abreu's statement.  The court additionally finds that the probative value of admitting both Abreu's statement and the statements made by other contemporaneous eyewitnesses is not substantially outweighed by any prejudice those statements may have, especially considering that four of those eyewitnesses have already testified at the trial and been cross-examined by defense counsel.[2]

---

[2] George Jiminez, Jose Dutan, Nancy Holston, and Tonya Givens have all testified at trial and been available for cross-examination.

Accordingly, defendant's motion to admit Abreu's statement to show that the statement was made and that police allegedly did not vigorously investigate the statement is granted on the condition that the government may also introduce contemporaneous statements made by other eyewitnesses to show that those statements were also made and to provide background information explaining why police took certain investigative steps.

**SO ORDERED.**

Dated: January 20, 2014
      Brooklyn, New York

                                                 /s/
                                      KIYO A. MATSUMOTO
                                      United States District Judge
                                        Eastern District of New York