United States District Court
Eastern District of New York

-----------------------------------X

United States of America,

    - against -                          **Memorandum and Order**

Elvin Hill,                            No. 12-cr-214 (KAM)

              Defendant.

-----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    A grand jury in the Eastern District of New York indicted Elvin Hill for using a firearm to murder a cab driver, Fredy Cuenca, in the course of committing a crime of violence.  (ECF No. 1, Indictment); *see* 18 U.S.C. § 924(j)(1).  The predicate crime was robbery affecting interstate commerce in violation of the Hobbs Act.  *See* 18 U.S.C. § 1951(a).  A jury tried and convicted Hill, (ECF No. 134, Verdict), and the Court sentenced him to forty-three years of imprisonment, (ECF No. 150, Judgment).  The Second Circuit affirmed Hill's conviction, (ECF No. 157, Mandate), and the Supreme Court denied his petition for a writ of certiorari on January 7, 2019, 139 S. Ct. 844 (mem.).  On May 25, 2022, Hill filed the instant motion to vacate his conviction on the ground that Hobbs Act robbery is not a crime of violence.  (ECF No. 159, Mot. Vacate); *see* 28 U.S.C. § 2255.

    Though filed more than one year after Hill's conviction

became final, a portion of Hill's motion is timely.  A motion to vacate generally must be brought within one year of the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  If the defendant files a petition for a writ of certiorari and the Supreme Court denies it, the defendant's conviction becomes final on the day the petition is denied. *Clemente v. Lee*, 72 F.4th 466, 476 (2d Cir. 2023).

Here, however, Hill seeks relief based on two intervening Supreme Court decisions issued after his conviction became final, *Borden v. United States*, 593 U.S. 420 (2021), and *United States v. Taylor*, 596 U.S. 845 (2022).  (*See* ECF No. 160, Mem. Supp. Mot. Vacate ("Mem."); ECF No. 165, Mot. Suppl. in Light of *United States v. Taylor*.)  Where the defendant moves to vacate based on intervening Supreme Court precedent made retroactively applicable to cases on collateral review, the motion may be made within one year of the date on which the "right asserted was initially recognized by the Supreme Court."  28 U.S.C. § 2255(f)(3).  Because Hill filed the instant motion within one year after the Supreme Court decided *Borden* and before the Supreme Court decided *Taylor*, his motion is timely.

Nonetheless, neither *Borden* nor *Taylor* supports vacating Hill's conviction.  *Borden* held that an offense with a *mens rea* of recklessness (as opposed to the more culpable mental states of intent and knowledge) cannot qualify as a predicate "violent

2

felony" under the Armed Career Criminal Act.  593 U.S. at 423. That holding does not support relief here because a conviction for "Hobbs Act robbery" requires proof that the "defendant acted knowingly and voluntarily," not merely recklessly.  *See United States v. Barrett*, 102 F.4th 60, 79 (2d Cir. 2024).  As numerous courts in other circuits have found, *Borden*'s holding does not apply to Hobbs Act robbery.  *See, e.g.*, *United States v. Brodigan*, No. 17-cr-103 (KJD), 2023 WL 4455874, at *3 (D. Nev. July 10, 2023); *Purnell v. United States*, No. 22-cr-235 (TDS) (JLW), 2023 WL 7487437, at *2 (M.D.N.C. Mar. 7, 2023), *R&R adopted*, 2023 WL 6997024 (M.D.N.C. Oct. 24, 2023); *Wilson v. United States*, No. 18-cr-474 (VMC), 2022 WL 17960633, at *3 (M.D. Fla. Dec. 27, 2022).  Thus, Hill is not entitled to relief based on *Borden*.

*Taylor* held that *attempted* Hobbs Act robbery is not a crime of violence under the same statutory definition at issue in the instant case but explicitly declined to address whether a *completed* Hobbs Act robbery is a crime of violence.  596 U.S. at 851, 860.  In the Second Circuit, a completed Hobbs Act robbery remains a crime of violence due to the precedent created by Hill's own direct appeal in this case.  *See United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018).  The Second Circuit squarely rejected the suggestion that *Taylor* undermined its holding in *Hill*.  *See United States v. McCoy*, 58 F.4th 72, 74

3

(2d Cir. 2023) (finding "nothing in *Taylor*'s language or reasoning that undermines" the "settled understanding that completed Hobbs Act robberies are categorically crimes of violence") (citing *Hill*, 890 F.3d at 56–60).  Unless the Second Circuit reverses itself or the Supreme Court directly abrogates its precedent on that issue, this Court may not contradict that precedent and thus cannot grant Hill relief based on *Taylor*.

Finally, Hill is barred from relitigating his arguments raised on direct appeal that the Hobbs Act is not "divisible" and that Hobbs Act robbery can be committed without violence. (*See* Mem. 3–4, 9–11.)  The mandate rule prevents a defendant from relying on "issues expressly or impliedly decided by the appellate court" on direct appeal when collaterally attacking a conviction.  *See Brown v. United States*, No. 16-cr-297 (AMD), 2023 WL 4551682, at *5 (E.D.N.Y. July 14, 2023) (quoting *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007)).  Hill could have but did "not contest that the Hobbs Act is a divisible statute" in his direct appeal.  *See* 890 F.3d at 55 n.6.  And the Second Circuit explicitly rejected Hill's argument that a Hobbs Act robbery does not necessarily require the use of sufficient force to be a crime of violence.  *See id.* at 57.  Thus, the mandate rule bars Hill from relitigating these arguments in this collateral proceeding.

Accordingly, for the reasons above, the Court respectfully

denies Hill's motion in its entirety.  Because Hill failed to make a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).  Additionally, the Court certifies in accordance with 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and thus denies *in forma pauperis* status should Hill appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).

The Government is respectfully requested to serve a copy of this Memorandum and Order on Hill (BOP #64031-053) at Lee USP, P.O. Box 305, Jonesville, VA 24263, and to note service on the docket by August 7, 2024.

The Clerk of Court is respectfully requested to close Case No. 1:22-cv-3104.

**So ordered.**

Dated:   August 5, 2024
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York